No. 84-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

_____

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

LEROY H. LEMMON,

Defendant and Appellant.

_____

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm, Billings, Montana

For Respondent:

Hon. Mike Greely, Attorney General, Helena, Montana
Craig R. Buehler, County Attorney, Lewistown, Montana
John R. Christensen, Deputy County Atty., Stanford,
Montana

_____

Submitted on Briefs: Sept. 20, 1984

Decided: December 13, 1984

Filed DEC 13 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal by Leroy H. Lemmon from a judgment and sentence in the Tenth Judicial District Court, Fergus County. On March 1, 1983, an information was filed alleging two counts of aggravated assault, two counts of aggravated kidnapping and one count of solicitation. One charge of aggravated assault and one charge of kidnapping were dropped. On February 23, 1984, after a two day jury trial, Lemmon was found guilty of the lesser-included misdemeanor offenses of simple assault and unlawful restraint. He was sentenced to two consecutive six-month terms in the Fergus County jail with all but 90 days suspended.

Lemmon raises four issues on appeal:

1) the county attorney abused his prosecutorial discretion;

2) the evidence is insufficient to support the jury verdict because criminal intent was not established and because Lemmon's conduct was in connection with an arrest and authorized by statute;

3) the District Court's failure to give two proposed instructions was reversible error; and,

4) the sentence was excessive.

Because no issue has merit the trial court judgment and sentence are affirmed.

The crime occurred during what appellant's attorney characterizes as an "unfriendly divorce." Lemmon and the victim divorced in August 1983 after a 20-year marriage. Lemmon considers it crucial to his defense that Koralyn Lemmon's attorney in the divorce proceedings was an assistant

Deputy County Attorney. On February 13, 1983, the date of the crime, the couple were separated but both lived in Lewistown, Montana. On the 13th Koralyn Lemmon spent time with John Sweeting; the appellant was with Donna Myers. Sweeting and Myers had recently ended a personal and business relationship.

John Sweeting asked Koralyn Lemmon to retrieve a briefcase from appellant's truck which was locked and parked on a Lewistown street. She testified Sweeting led her to believe it was his briefcase. The briefcase actually belonged to Myers and contained paperwork concerning marital finances, allegedly threatening letters from Sweeting to Lemmon, and approximately 200 photographs of Meyers. Koralyn Lemmon, using her key, unlocked the truck and took the briefcase. Though she was cited for misdemeanor theft the charge was later dropped.

Returning to his truck, accompanied by Meyers, Lemmon realized the briefcase was gone and concluded his wife had taken it because no one had broken into the truck. He claims these facts gave him reasonable grounds for concluding a felony had occurred. It is crucial to his defense that he was a member of the Fergus County Sheriff's Posse.

He and Meyers went to Koralyn Lemmon's home. Koralyn Lemmon, hearing them drive up, tucked a gun into her waistband. Though their versions of the incident are very different, LeRoy and Koralyn Lemmon fought and he struck her on the head with the gun. She ended up in Lemmon's truck bleeding, face down on the seat, her body on the floor, and her arms pinioned by Meyers. Lemmon characterizes this sequence as necessary force in the course of an arrest.

He drove to the sheriff's department and spoke to the dispatcher, but no sheriff was present or immediately available. His son arrived and was instructed to wait there. Leaving the sheriff's department, Lemmon, Meyers, and Mrs. Lemmon, still held face down in the truck, drove around Lewistown looking for Sweeting and the briefcase.

They found his vehicle and began a chase. The vehicles rammed together and gunshot was exchanged. The chase ended when Lemmon's transmission caught fire; they then returned to the sheriff's department. The charges resulting from this incident were dropped.

At 9:00 p.m. the dispatcher located a sheriff who arrived at the station at 9:15 p.m. When Lemmon returned to the station the sheriff assisted Mrs. Lemmon. She was taken to the hospital where she remained for two days.

The briefcase was found on the roadside and returned to Myers. Sweeting left Lewistown and did not testify.

Issue No. 1. Was there abuse of prosecutorial discretion?

Lemmon asserts abuse of discretion because the county attorney did not act on complaints Lemmon filed against Koralyn Lemmon and the County Attorney's office was not disqualified although the deputy county attorney represented Koralyn Lemmon in her divorce. Lemmon is confusing two separate issues--abuse of prosecutorial discretion and denial of his motion to disqualify.

Abuse of Prosecutorial Discretion

A claim of abuse of prosecutorial discretion is grounded on Fourteenth Amendment. The abuse of discretion issue was not raised at the trial court and will not be considered here based on section 46-20-702, MCA. Lemmon does not have the

right to raise the issue and this Court does not have the record to review it. Section 46-20-702, MCA, states:

> "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded. No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:
>
> "(1)  the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
>
> "(2)  the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
>
> "(3)  material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence."

None of the exceptions apply to this situation. Therefore the issue will not be considered on appeal.

We note in passing that even if the issue were raised at trial the appeal would be denied. Based on the facts in the record of this case Lemmon could not establish prosecutorial abuse.

> "In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' (Citing cases.)" Bordenkircher v. Hayes (1978), 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604, 611.

## Denial of Motion to Disqualify

Lemmon moved to disqualify the Fergus County Attorney's office because a deputy county attorney, who office-shares

with the county attorney in his private practice, represented Koralyn Lemmon in the divorce. If conflict were established there be a fair trial question but the District Court properly denied Lemmon's motion to disqualify because these facts do not establish conflict of interest or abuse of discretion.

Lemmon based his motion on DR 5-105(D):

"If a lawyer is required to decline employment or to withdraw from employment under DR 5-105, no partner or associate of his or his firm may accept or continue such employment."

Merely reciting a rule does not establish a violation. No evidence was introduced establishing conflict of interest. It was not established that the county attorney would have been disqualified from the criminal prosecution of Lemmon if he had represented Koralyn Lemmon in the divorce let alone that the county attorney must be disqualified because the deputy county attorney represented Mrs. Lemmon. We also note, in passing, that Canon 5 concerns conflicts in representation not prosecution.

Issue No. 2. Was there sufficient evidence to establish criminal intent or Lemmon's defense of reasonable force in the course of a lawful arrest?

Lemmon argues the evidence of intent was insufficient to support the verdict and the evidence established a defense that he had reasonable grounds to arrest and his conduct was authorized by statute. The standard this Court uses in reviewing the sufficiency of evidence in a jury trial is "it is well-established that questions of fact must be determined solely by the jury and that given a certain legal minimum of evidence, this Court will not substitute its judgment." State v. Martinez (Mont. 1980), 613 P.2d 974, 980, 37 St.Rep.

982, 989. Applying this standard both arguments are entirely meritless.

## Intent

Lemmon argues "evil mind" is a necessary factor of intent and the statutory definitions of knowingly and purposely are unconstitutional because they do not include the requirement of "evil mind." This Court has held that, by definition, "knowingly" or "purposely" encompassed the necessary scienter. "[T]he necessary requirements for 'mens rea' and 'criminal intent' are embodied in the use of the new language of the statute 'purposely' and 'knowingly.'" State v. Sharbono (1977), 175 Mont. 373, 392-393, 563 P.2d 61, 72.

Lemmon also argues that evidence must prove he intended to "beat her, hit her, or strike her." While the record contains sufficient evidence to convince the jury this was his intent, the prosecution does not have to prove specific intent. This argument has also been addressed by this Court.

"The fatal flaw in defendant's argument is that aggravated assault is not a specific intent crime. Aggravated assault is defined by section 45-5-202(1), MCA, as follows:

"A person commits the offense of aggravated assault if he purposely or knowingly causes:

"a) serious bodily injury to another; [or]

"b) bodily injury to another with a weapon . . ."

The legislature did not intend to require any other mental state in addition to 'purposely' or 'knowingly.'" State v. Howard (Mont. 1981), 637 P.2d 15, 18, 38 St.Rep. 1980, 1984-85.

## Conduct Authorized by Statute

Lemmon's argument that a statutory defense exists because he was a member of the Fergus County Sheriff's Posse

- 7 -

is irrelevant. Vigilante days are over in Montana. His membership in the posse made him merely an auxiliary officer as defined by section 7-32-201(1), MCA:

> "'Auxiliary Officer' means an unsworn, part-time, volunteer member of a law enforcement agency who may perform but is not limited to the performance of such functions as civil defense, search and rescue, office duties, crowd and traffic control and crime prevention activities."

Auxiliary officers have very limited authority. Section 7-32-232, MCA, states:

> "(1) Auxiliary officers:
>
> "(a) are subordinate to full-time law enforcement officers; and
>
> "(b) may not serve unless supervised by a full-time law enforcement officer.
>
> "(2) No auxiliary officer may carry a weapon while on assigned duty." (Emphasis added.)

Section 7-32-233, MCA, states:

> "An auxiliary officer has only the arrest authority granted a private person in section 46-6-502 and 46-6-503."

As an auxiliary officer's arrest authority is no greater than that of a private citizen, Lemmon's membership in the posse is irrelevant and section 46-6-502, MCA, controls. Section 46-6-502 states:

> "A private person may arrest another when:
>
> "(1) he believes on reasonable grounds that an offense is being committed or attempted in his presence;
>
> "(2) a felony has in fact been committed and he believes on reasonable grounds that the person arrested has committed it; or
>
> "(3) he is a merchant, as defined in 30-11-301, and has probable cause to believe the other is shoplifting in the merchant's store."

Lemmon meets none of these criteria--no offense was committed in his presence, no felony was committed, and he is not a

merchant. He had neither authority to arrest the victim nor reason to believe he did.

Issue No. 3. Was the District Court's Refusal of Jury Instructions Reversible Error?

Lemmon appeals the refusal of two proposed jury instructions. In reviewing jury instruction "[t]his Court must look at jury instructions as a whole to determine if they fully and fairly present the applicable law of the case." State v. Johnson (Mont 1982), 646 P.2d 507, 512, 39 St.Rep. 1014, 1020.

Applying this standard the trial court correctly refused the proposed instructions. Instruction no. 16, on conjecture, although correct, was redundant. Instruction no. 38 is section 45-2-103(4)(d), MCA. It does not state law applicable to this case because Lemmon had no statutory defense and because the statute does not apply to this situation. Section 45-2-103(4)(d), MCA, deals with reliance on official interpretations by public officers or agencies. No such interpretation exists.

Issue No. 4. Is the Sentence Excessive?

"This Court has consistently held that if a sentence is within the limits provided by statute, it is not an abuse of discretion." State v. Garrido (Mont. 1981), 621 P.2d 1105, 1108, 38 St.Rep. 78, 80. Lemmon was convicted of simple assault and unlawful restraint, both punishable by up to six months in the county jail and a $500 fine (sections 45-5-201(2) and 45-5-301(2)). He was sentenced to two consecutive 6 month terms with all but 90 days suspended. The trial court did not abuse its discretion.

The judgment and sentence of the trial court is affirmed.

_____
                    Justice

We Concur:

_____

_____

_____

_____
            Justices