No. 85-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

KIRT C. CARROLL,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        John Keith, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Joe R. Roberts, Asst. Atty. General, Helena
        Patrick L. Paul, County Attorney, Great Falls,
        Montana;  Antonia P. Marra, Deputy County Attorney

---

Submitted on Briefs: Feb. 20, 1986

Decided:  April 1, 1986

Filed: **APR 1 - 1986**

_Ethel M. Harrison_
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

On July 2, 1985, defendant entered a plea of guilty to the charge of felony theft, in violation of § 45-6-301, MCA (1983). On August 2, 1985, the district judge sentenced defendant to five years in the Montana State Prison with the last two years suspended. Defendant appeals the sentence.

The information filed in this case reveals that on the evening of March 23, 1985, defendant unlawfully entered the Medstar Towing garage in Great Falls, Montana, and stole equipment and tools valued in excess of $300. Defendant was charged with felony burglary pursuant to § 45-6-204(1), MCA (1983), and felony theft, pursuant to § 45-6-301(1)(a), MCA (1983).

At his arraignment on July 2, 1985, defendant entered a plea of guilty to the theft charge; the burglary charge was dismissed under the terms of the plea agreement defendant entered into with the county attorney. Sentencing was scheduled for August 2, 1985.

The pre-sentence report indicated that defendant was 20 years old, did not complete high school, had no job skills, and had only slight income working part-time for his father. Defendant's prior criminal record consisted of three misdemeanor theft convictions.

The sentence hearing was held August 2, 1985. At the hearing, defendant's counsel pointed out that although the victim had been reimbursed in the amount of $16,000 by his insurance company, defendant contended that the actual amount of goods stolen amounted to about $6,484.43.

The district judge sentenced defendant to five years in the Montana State Prison with the last two years suspended. Additionally, defendant was ordered to pay restitution in the

2

minimum amount of $6,484.43, or as much as he could pay during the suspended sentence, to attend alcohol and drug counseling during the suspended part of his sentence, and to enroll in a GED program. The district judge also recommended defendant be transferred to the Swan River Forest Camp as soon as space became available. In the sentencing order, the district judge noted: "The value of the property stolen is quite significant and it is questionable if restitution will ever be paid in this case. The Court concludes that a period of incarceration is required in this case for the protection of the property of other persons."

On appeal, defendant raises the following issue: Did the District Court err when imposing the sentence by considering the inability of the appellant to pay restitution?

Defendant asserts he was sentenced to a prison term primarily due to his inability to pay restitution, which violated his right to equal protection guaranteed by the Fourteenth Amendment. We disagree.

An examination of the sentencing order and the transcript of the sentence hearing reveals no abuse of discretion by the district judge, nor any violations of defendant's constitutional rights. Section 45-6-301(5), MCA, provides that a person convicted of felony theft shall not be fined in excess of $50,000 nor imprisoned for a term exceeding 10 years. Clearly, the sentence imposed in this case is well within these parameters. "This Court has consistently held that if a sentence is within the limits provided by statute, it is not an abuse of discretion." State v. Lemmon (Mont. 1984), 692 P.2d 455, 41 St.Rep. 2359.

Defendant argues he was sentenced to a prison term because of his indigency. However, the district judge specifically noted the prison term was necessary to protect the

3

property of others, and that defendant's criminal record contained three previous misdemeanor thefts. These are sufficient reasons supporting incarceration and uphold this state's correctional policy "to protect society by preventing crime through punishment and rehabilitation of the convicted." Section 46-18-101, MCA.

Defendant's argument taken to its logical end would prohibit the State from imposing a prison term upon an indigent defendant where restitution is arguably an alternative. Such a result would essentially eliminate punishment for the indigent defendant. In this case, the district judge sentenced defendant to a prison term to impress upon him that he cannot continually violate the laws of this state and escape incarceration.

The conditions of the sentence given are designed to deter future criminal conduct and rehabilitate defendant in conformance with the correctional policy of the State of Montana. The District Court is affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

4